UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**JESUS G. TORRES**                                                                                          **PLAINTIFF**

**v.**                                                                          **CIVIL ACTION NO. 5:24-CV-P139-JHM**

**CHRISTIAN COUNTY JAIL et al.**                                                                **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Jesus G. Torres, a prisoner proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this action will be dismissed without prejudice to Plaintiff filing an amended complaint.

### I. STATEMENT OF CLAIMS

Plaintiff, a pretrial detainee at the Christian County Jail (CCJ), sues the CCJ and, in their official and individual capacities, the following CCJ employees Captain Rives, Lieutenant Molohan, Sergeant Robertson, and Deputy Jailer Plock. He alleges that between July 15 and 23, 2024, Defendants "illegally questioned [him] every half hour" even though he asked for his lawyer to be present; made him sleep on the concrete floor without bedding or a mat because he would not answer their questions; refused him hygiene items and a shower; kept him in a "freezing cold room;" and denied him three meals. He also states that between July 15 and 26, 2024, he was placed on "disciplinary action" for asking to have his attorney present during questioning or before signing any paperwork.

Plaintiff requests compensatory and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Claims against CCJ and Defendants in their official capacities

CCJ is not an entity subject to suit under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Christian County is the proper Defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Moreover, "[o]fficial-capacity

suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). This means that Plaintiff's official-capacity claims against Defendants in their official capacities are also against Christian County.

A municipality such as Christian County cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Id*. To state a claim against a municipality, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff's allegations pertain only to himself, and he does not allege that any constitutional violation occurred pursuant to a policy or custom of Christian County. Accordingly, Plaintiff's claims against CCJ and Defendants in their official capacities must be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-capacity claims

Plaintiff's complaint refers only to the collective actions of Defendants. However, the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d

673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). A plaintiff "must state a plausible constitutional violation against each individual defendant - the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly v. Vadlamudi*, 680 F. 3d 617, 626 (6th Cir. 2012). Because the above allegations do not specify which Defendant, if any, took the actions, the claims must be dismissed for failure to state a claim upon which relief may be granted. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of § 1983 claim for failure to state a claim against defendants in their individual capacity where plaintiff did not allege which of the named defendants were personally responsible for the alleged violations of his rights).

However, the Court will dismiss the action without prejudice and with leave to amend the complaint for Plaintiff to attribute to each Defendant what specific action he undertook in the alleged violation of his constitutional rights. *See Rashada v. Flegel*, No. 23-1674, 2024 WL 1367436, at *4-5 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend).

The Court **DIRECTS** the Clerk of Court to place this case number and the word "Amended" on a § 1983 complaint form and send it to Plaintiff for his use should he wish to file an amended complaint.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: November 7, 2024

cc: Plaintiff, *pro se*
4414.009

Joseph H. McKinley Jr., Senior Judge
United States District Court

4